IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CANON INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. _____ |
| vs. | ) | |
| | ) | |
| PRINT-RITE IMAGING TECHNOLOGY INC. | ) | |
| and UNION TECHNOLOGY | ) | **DEMAND FOR JURY TRIAL** |
| INTERNATIONAL (MCO) CO. LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF CANON INC.'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Canon Inc. ("Canon") brings this action for patent infringement against Defendants Print-Rite Imaging Technology Inc. and Union Technology International (MCO) Co. Ltd. ("Defendants"), and alleges as follows:

### The Parties

1.      Canon is a corporation organized and existing under the laws of Japan, having its principal place of business at 30-2, Shimomaruko 3-chome, Ohta-ku, Tokyo 146-8501, Japan.

2.      Canon is a leading innovator, manufacturer, and seller of a wide variety of laser beam printers, inkjet printers, copying machines, cameras, and other consumer, business, and industrial products.

3.      On information and belief, Print-Rite Imaging Technology Inc. ("Print-Rite Imaging") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1209 Orange Street, Wilmington, Delaware 19801.

4.      On information and belief, Union Technology International (MCO) Co. Ltd. ("UTec") is an entity registered in Macau (China), with its principal place of business located at 6/F, Nam Wah Commercial Building, No. 89-99, Avenida de Almeida Ribeiro, Macau, China.

5.      On information and belief, both Print-Rite Imaging and UTec are wholly-owned subsidiaries of Print-Rite Holdings Limited.

6.      On information and belief, Defendants are related companies, under common ownership and control, and part of a common enterprise known as "Print-Rite."

**Jurisdiction and Venue**

7.      This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Print-Rite Imaging because it is a Delaware corporation and because its principal place of business is located in this judicial district, and over both Defendants because each has, directly or through intermediaries, committed acts within Delaware giving rise to this action and/or has established minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

9.      Venue with respect to Print-Rite Imaging is proper under 28 U.S.C. § 1400(b). Print-Rite Imaging is organized in, and thus resides in, the State of Delaware and this judicial district.  Print-Rite Imaging also has committed infringing acts in this judicial district and has a regular and established place of business in this judicial district.

10.     Venue with respect to UTec is proper under 28 U.S.C. §§ 1391(b) and (c) because UTec does not reside in the United States and therefore may be sued in any judicial district where it is subject to the court's personal jurisdiction, including here in this judicial district.

**Canon's Patent-in-Suit**

11.    On November 9, 2021, U.S. Patent No. 11,169,483 (the "'483 patent"), titled "Process Cartridge and Electrophotographic Image Forming Apparatus," duly and legally issued to Canon as assignee of the inventors, Ryuta Murakami, Tadashi Horikawa, Shunsuke Uratani, and Yuichiro Inaba. A copy of the '483 patent is attached as Exhibit A.

12.    Canon is the sole owner of the entire right, title, and interest in and to the '483 patent, including the right to sue and recover for any and all infringements thereof.

13.    The '483 patent is valid and enforceable.

**Defendants' Infringing Activities**

14.    On information and belief, Defendants are engaged in the business of selling and/or offering to sell in the United States and/or importing into the United States unauthorized toner cartridges for use in HP laser beam printers, including but not limited to toner cartridges for use in place of one or more of HP cartridge models 48A (CF248A), 141A (W1410A), 134A (W1340A), 134X (W1340X), 138A (W1380A), and 138X (W1380A), which toner cartridges (hereinafter, "Accused Products") infringe one or more claims of the '483 patent.

15.    On information and belief, the Accused Products are manufactured in China by another Print-Rite entity, Print-Rite Unicorn Image Products Co. Ltd., and thereafter are imported into the United States and offered for sale and sold within the United States by Defendants and others.

16.    On information and belief, Defendants offer to sell and sell the Accused Products within this judicial district and elsewhere, including through websites such as *union-tec.com* and/or *printriteimaging.com*.

### Claim for Relief: Infringement of U.S. Patent No. 11,169,483

17.     Canon repeats and incorporates by reference the allegations of paragraphs 1-16, as though set forth here in their entirety.

18.     Defendants have directly infringed and are directly infringing claims 1-3, 5, 6, 8-10, 12-15, 17-19, 21-24, 33-35, 37, and 38 of the '483 patent by making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, Accused Products embodying the inventions claimed in the '483 patent, without authority from Canon.

19.     The following paragraphs 23-96 show how an exemplary one of Defendants' Accused Products, a CF248A toner cartridge, infringes each of independent claims 1, 8, 17, and 33 of the '483 patent.

20.     On information and belief, the exemplary Accused Product shown below is substantially the same as the other Accused Products in all relevant respects, and thus is representative of all Accused Products.

21.     The Court has not yet construed the meaning of any claims or terms in the '483 patent.  In providing these detailed allegations, Canon does not intend to convey or imply any particular claim construction or the precise scope of the claims.  Canon's contentions regarding the construction of the claims will be provided in compliance with the case schedule, any applicable procedural rules, and/or any applicable orders.

22.     Canon contends that each element of each asserted claim is literally present in the Accused Products.  If, as a result of the Court's claim constructions or other determinations, one or more claim elements are not literally present, Canon contends that each such element is present under the doctrine of equivalents and reserves its right to provide more detailed doctrine

of equivalents contentions after discovery, a claim construction order from the Court, or at another appropriate time.

23.     Infringed independent claim 1 of the '483 patent recites:

A process cartridge comprising:

a frame;

a photosensitive drum supported by the frame, the photosensitive drum being rotatable about an axis thereof, the photosensitive including (i) a first end and (ii) a second end opposite to the first end;

a developing roller supported by the frame, the developing roller being rotatable about an axis thereof;

a coupling operatively connected to the photosensitive drum, the coupling being rotatable about an axis thereof, the coupling being positioned (i) at the first end of the photosensitive drum, (ii) coaxial with the photosensitive drum, and (iii) at a side of the process cartridge, and the coupling including a projection; and

a helical gear positioned at the side of the process cartridge, the helical gear being rotatable about an axis thereof, the helical gear having a plurality of teeth, with at least some of the teeth being exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge, and with a tip of at least one of the exposed teeth facing the axis of the photosensitive drum,

wherein, as measured in an axial direction of the photosensitive drum, at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum, and

wherein, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance from the axis of the photosensitive drum to a tip of one of the plurality of teeth is 90% to 110% of a length of a radius of the photosensitive drum.

24.     The exemplary Accused Product, shown in and out of its packaging in Figures 1 and 2 below, is a process cartridge.



Figure 1



Figure 2

25.    As shown in Figures 3 and 4 below, the exemplary Accused Product includes a frame.



Figure 3



Figure 4

26.     As shown in Figures 5 and 6 below, the exemplary Accused Product includes a photosensitive drum supported by the frame and rotatable about an axis thereof.  In Figure 6, the photosensitive drum is hidden behind the frame and the photosensitive drum axis extends perpendicular to the page.



Figure 5



Figure 6

27. The photosensitive drum includes a first end and a second end opposite to the first end, as identified in Figure 7 below.



Figure 7

28. As shown in Figures 8 and 9 below, the exemplary Accused Product includes a developing roller supported by the frame and rotatable about an axis thereof. In Figure 9, the axis extends perpendicular to the page and the photosensitive drum is hidden behind the frame.



Figure 8



Figure 9

29.     As shown in Figure 10 below, the exemplary Accused Product includes a coupling operatively connected to the photosensitive drum.



Figure 10

30.     The coupling is rotatable about an axis thereof, which in Figure 11 below extends perpendicular to the page.



Figure 11

31.    As shown in Figures 12 and 13 below, the coupling is positioned at the first end of the photosensitive drum, coaxial with the photosensitive drum, and at a side of the process cartridge.



Figure 12



Figure 13

32.    As shown in Figure 14 below, the coupling includes a projection.



Figure 14

33.    As shown in Figures 15 and 16 below, the exemplary Accused Product includes a helical gear positioned at the same side of the process cartridge as the coupling.  The helical gear is rotatable about an axis thereof, which in Figure 16 extends perpendicular to the page.



Figure 15



Figure 16

34.    As shown in Figure 17 below, the helical gear has a plurality of teeth.



Figure 17

35.    As shown in Figure 18 below, at least some of the helical gear teeth are exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge.



Figure 18

36.    As shown in Figure 19 below, a tip of at least one of the exposed teeth faces the axis of the photosensitive drum.



Figure 19

37.    As shown in Figures 20 and 21 below, as measured in an axial direction of the photosensitive drum, at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum.



Figure 20



Figure 21

38.    As shown in Figure 22 below, the diameter of the photosensitive drum is 23.98 mm and its radius is 11.99 mm (half the diameter).  As shown in Figures 23 and 24 below, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance from the axis of the photosensitive drum to a tip of one of the plurality of teeth is 12.00 mm. This distance falls within the claimed range of 90% (10.79 mm) to 110% (13.19 mm) of the length of the radius of the photosensitive drum.



Figure 22



Figure 23



Figure 24

39.    Infringed independent claim 8 of the '483 patent recites:

A process cartridge comprising:

a frame having a slit formed therein at a side of the process cartridge;

a photosensitive drum supported by the frame, the photosensitive drum being rotatable about an axis thereof, the photosensitive drum including (i) a first end and (ii) a second end opposite to the first end;

a developing roller supported by the frame, the developing roller being rotatable about an axis thereof;

a coupling operatively connected to the photosensitive drum, the coupling being rotatable about an axis thereof, the coupling being positioned (i) at the first end of the photosensitive drum, (ii) coaxial with the photosensitive drum, and (iii) at the side of the process cartridge, and the coupling including a projection; and

a helical gear positioned at the side of the process cartridge, the helical gear being rotatable about an axis thereof, the helical gear having a plurality of teeth, with at least some of the teeth being exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge, and with a tip of at least one of the exposed teeth facing the axis of the photosensitive drum,

wherein, as measured in an axial direction of the photosensitive drum, (i) at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum, and (ii) at least a part of the slit is positioned farther from the second end of the photosensitive drum than the tip of the projection of the coupling is positioned from the second end of the photosensitive drum, and

wherein, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance from the axis of the photosensitive drum to a tip of one of the plurality of teeth is 90% to 110% of a length of a radius of the photosensitive drum.

40.    The exemplary Accused Product, shown in and out of its packaging in Figures 1 and 2 above, is a process cartridge.

41.    As shown in Figures 3 and 4 above, the exemplary Accused Product includes a frame.

42.    As shown in Figure 25 below, the frame has a slit formed therein at a side of the process cartridge.



Figure 25

43.    As shown in Figures 5 and 6 above, the exemplary Accused Product includes a photosensitive drum supported by the frame and rotatable about an axis thereof.

44.    The photosensitive drum includes a first end and a second end opposite to the first end, as identified in Figure 7 above.

45.    As shown in Figures 8 and 9 above, the exemplary Accused Product includes a developing roller supported by the frame and rotatable about an axis thereof.

46.    As shown in Figure 10 above, the exemplary Accused Product includes a coupling operatively connected to the photosensitive drum.

47.    The coupling is rotatable about an axis thereof, as shown in Figure 11 above.

48.    As shown in Figures 12 and 13 above, the coupling is positioned at the first end of the photosensitive drum, coaxial with the photosensitive drum, and at a side of the process cartridge.  As shown in Figure 26 below, the coupling is on the same side of the process cartridge as the slit.



Figure 26

49.    As shown in Figure 14 above, the coupling includes a projection.

50.    As shown in Figures 15 and 16 above, the exemplary Accused Product includes a helical gear positioned at the same side of the process cartridge as the coupling.  The helical gear is rotatable about an axis thereof.

51.    As shown in Figure 17 above, the helical gear has a plurality of teeth.

52.    As shown in Figure 18 above, at least some of the helical gear teeth are exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge.

53.    As shown in Figure 19 above, a tip of at least one of the exposed teeth faces the axis of the photosensitive drum.

54.    As shown in Figures 20 and 21 above, as measured in an axial direction of the photosensitive drum, at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum.

55.    As shown in Figures 27 and 28 below, as measured in an axial direction of the photosensitive drum, at least a part of the slit is positioned farther from the second end of the photosensitive drum than the tip of the projection of the coupling is positioned from the second end of the photosensitive drum.



Figure 27



Figure 28

56.    As shown in Figure 22 above, the diameter of the photosensitive drum is 23.98 mm and its radius is 11.99 mm (half the diameter).  As shown in Figures 23 and 24 above, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance from the axis of the photosensitive drum to a tip of one of the plurality of teeth is 12.00 mm. This distance falls within the claimed range of 90% (10.79 mm) to 110% (13.19 mm) of the length of the radius of the photosensitive drum.

57.    Infringed independent claim 17 of the '483 patent recites:

A process cartridge comprising:

a frame having a slit formed therein at a side of the process cartridge;

a photosensitive drum supported by the frame, the photosensitive drum being rotatable about an axis thereof, the photosensitive drum having (i) a first end and (ii) a second end opposite to the first end;

a developing roller supported by the frame, the developing roller being rotatable about an axis thereof;

a coupling operatively connected to the photosensitive drum, the coupling being rotatable about an axis thereof, the coupling being positioned (i) at the first end of the photosensitive drum, (ii) coaxial with the photosensitive drum, and (iii) at the side of the process cartridge, and the coupling including a projection; and

a helical gear positioned at the side of the process cartridge, the helical gear being rotatable about an axis thereof, the helical gear having a plurality of teeth, with at least some of the teeth being exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge, and with a tip of at least one of the exposed teeth facing the axis of the photosensitive drum, and

wherein, as measured in an axial direction of the photosensitive drum, (i) at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum, and (ii) at least a part of the slit is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum.

58.    The exemplary Accused Product, shown in and out of its packaging in Figures 1 and 2 above, is a process cartridge.

59.    As shown in Figures 3 and 4 above, the exemplary Accused Product includes a frame.

60.    As shown in Figure 25 above, the frame has a slit formed therein at a side of the process cartridge.

61.    As shown in Figures 5 and 6 above, the exemplary Accused Product includes a photosensitive drum supported by the frame and rotatable about an axis thereof.

62. The photosensitive drum has a first end and a second end opposite to the first end, as identified in Figure 7 above.

63. As shown in Figures 8 and 9 above, the exemplary Accused Product includes a developing roller supported by the frame and rotatable about an axis thereof.

64. As shown in Figure 10 above, the exemplary Accused Product includes a coupling operatively connected to the photosensitive drum.

65. The coupling is rotatable about an axis thereof, as shown in Figure 11 above.

66. As shown in Figures 12 and 13 above, the coupling is positioned at the first end of the photosensitive drum, coaxial with the photosensitive drum, and at a side of the process cartridge. As shown in Figure 26 above, the coupling is on the same side of the process cartridge as the slit.

67. As shown in Figure 14 above, the coupling includes a projection.

68. As shown in Figures 15 and 16 above, the exemplary Accused Product includes a helical gear positioned at the same side of the process cartridge as the coupling. The helical gear is rotatable about an axis thereof.

69. As shown in Figure 17 above, the helical gear has a plurality of teeth.

70. As shown in Figure 18 above, at least some of the helical gear teeth are exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge.

71. As shown in Figure 19 above, a tip of at least one of the exposed teeth faces the axis of the photosensitive drum.

72. As shown in Figures 20 and 21 above, as measured in an axial direction of the photosensitive drum, at least a part of the exposed teeth of the helical gear is positioned farther

from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum.

73. As shown in Figures 27 and 28 above, as measured in an axial direction of the photosensitive drum, at least a part of the slit is positioned farther from the second end of the photosensitive drum than the tip of the projection of the coupling is positioned from the second end of the photosensitive drum.

74. Infringed independent claim 33 of the '483 patent recites:

A process cartridge comprising:

a frame;

a photosensitive drum supported by the frame, the photosensitive drum being rotatable about an axis thereof, having (i) a first end and (ii) a second end opposite to the first end;

a developing roller supported by the frame, the developing roller being rotatable about an axis thereof;

a charging roller configured to charge the photosensitive drum;

a coupling operatively connected to the photosensitive drum, the coupling being rotatable about an axis thereof, the coupling being positioned (i) at the first end of the photosensitive drum, (ii) coaxial with the photosensitive drum, and (iii) at a side of the process cartridge, and the coupling including a projection; and

a helical gear positioned at the side of the process cartridge, the helical gear being rotatable about an axis thereof, the helical gear having a plurality of teeth, with at least some of the teeth being exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge, and with a tip of at least one of the exposed teeth facing the axis of the photosensitive drum,

wherein the frame includes a first section, a second section, and a third section at the side of the process cartridge, the first section surrounding the coupling and facing outward of the process cartridge in an axial direction of the photosensitive drum, the second section facing outward of the process cartridge in the axial direction of the photosensitive drum,

26

wherein, as measured in the axial direction of the photosensitive drum, (i) the second section is positioned farther from the second end of the photosensitive drum than the first section is positioned from the second end of the photosensitive drum as measured in the axial direction of the photosensitive drum, with the third section facing the axis of the photosensitive drum, and (ii) at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum,

wherein, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance D2 from the axis of the photosensitive drum to a portion of the third section (i) is greater than a shortest distance D1 from the axis of the photosensitive drum to a tip of one of the plurality of teeth, and (ii) is less than a distance D3 from the axis of the photosensitive drum to the axis of the helical gear, and

wherein, as viewed along the axis of the photosensitive drum, the third section of the frame and the charging roller are positioned on the same side of a line that passes through the axes of the photosensitive drum and the helical gear.

75.    The exemplary Accused Product, shown in and out of its packaging in Figures 1 and 2 above, is a process cartridge.

76.    As shown in Figures 3 and 4 above, the exemplary Accused Product includes a frame.

77.    As shown in Figures 5 and 6 above, the exemplary Accused Product includes a photosensitive drum supported by the frame and rotatable about an axis thereof.

78.    The photosensitive drum has a first end and a second end opposite to the first end, as identified in Figure 7 above.

79.    As shown in Figures 8 and 9 above, the exemplary Accused Product includes a developing roller supported by the frame and rotatable about an axis thereof.

80.    As shown in Figure 29 below, the exemplary Accused Product includes a charging roller configured to charge the photosensitive drum.



Figure 29

81.    As shown in Figure 10 above, the exemplary Accused Product includes a coupling operatively connected to the photosensitive drum.

82.    The coupling is rotatable about an axis thereof, as shown in Figure 11 above.

83.    As shown in Figures 12 and 13 above, the coupling is positioned at the first end of the photosensitive drum, coaxial with the photosensitive drum, and at a side of the process cartridge.

84.    As shown in Figure 14 above, the coupling includes a projection.

85.    As shown in Figures 15 and 16 above, the exemplary Accused Product includes a helical gear positioned at the same side of the process cartridge as the coupling.  The helical gear is rotatable about an axis thereof.

86.    As shown in Figure 17 above, the helical gear has a plurality of teeth.

87.    As shown in Figure 18 above, at least some of the helical gear teeth are exposed teeth that are uncovered by the frame and exposed to outside of the process cartridge.

88.    As shown in Figure 19 above, a tip of at least one of the exposed teeth faces the axis of the photosensitive drum.

89.    As shown in Figures 30 and 31 below, the frame includes a first section, a second section, and a third section at the same side of the process cartridge as the coupling.



Figure 30



Figure 31

90.     As shown in Figure 32 below, the first section surrounds the coupling and each of the first and second sections faces outward of the process cartridge in an axial direction of the photosensitive drum.   In Figure 32, the axial direction of the photosensitive drum extends perpendicular to the page.



Figure 32

91.     As shown in Figure 33 below, as measured in the axial direction of the photosensitive drum, the second section is positioned farther from the second end of the photosensitive drum than the first section is positioned from the second end of the photosensitive drum as measured in the axial direction of the photosensitive drum.



Figure 33

92.    As shown in Figure 34 below, the third section faces the axis of the photosensitive

drum.



Figure 34

93.    As shown in Figures 20 and 21 above, as measured in the axial direction of the photosensitive drum, at least a part of the exposed teeth of the helical gear is positioned farther from the second end of the photosensitive drum than a tip of the projection of the coupling is positioned from the second end of the photosensitive drum.

94.    As shown in Figures 35 and 36 below, as measured along a line perpendicular to the axis of the photosensitive drum, a shortest distance D2 from the axis of the photosensitive drum to a portion of the third section is greater than a shortest distance D1 from the axis of the photosensitive drum to a tip of one of the plurality of teeth.



Figure 35



Figure 36

95.     As shown in Figure 35 above and Figure 37 below, as measured along a line perpendicular to the axis of the photosensitive drum, the shortest distance D2 from the axis of the photosensitive drum to a portion of the third section is less than a distance D3 from the axis of the photosensitive drum to the axis of the helical gear.



Figure 37

96.    As shown in Figure 38 below, as viewed along the axis of the photosensitive drum, the third section of the frame and the charging roller are positioned on the same side of a line that passes through the axes of the photosensitive drum and the helical gear.



Figure 38

97.     Defendants also have indirectly infringed and are indirectly infringing the '483 patent at least by virtue of their inducement of direct infringement of that patent by others who use, sell, and/or offer for sale within the United States, and/or who import into the United States, Accused Products.  Despite knowing of the '483 patent and the Accused Products' infringement thereof (as detailed below), Defendants have induced and continue to induce customers to use, sell, and/or offer for sale within the United States, and/or import into the United States, Accused Products, including, for example, by promoting the Accused Products for use in specific printers, by instructing end users to use the Accused Products in those printers, by promoting the Accused Products to resellers in the United States, and/or by offering customer support to resellers in the United States.  Defendants' acts of inducement have caused and continue to cause others, including resellers and end users of Defendants' Accused Products, to directly infringe the '483 patent.

98.     On information and belief, Defendants have been aware of the '483 patent since at least as early as February 9, 2022, when UTec announced the availability of a purportedly "IP

Safe" version of the CF248A cartridge. That announcement, which is pictured below and available on UTec's website (https://www.union-tec.com/product-news/ip-safe-compatible-toner-cartridge-for-hp-cf244a-cf248a-cf247/), identifies the '483 patent.



99.    On information and belief, the so-called "IP Safe" version differs from the Accused Products in that it does not have a helical gear as claimed in the '483 patent and as depicted in the images above, such as Figure 15. On information and belief, Defendants developed the so-called "IP Safe" version because they knew and know that the helical gear version infringes the '483 patent.

100.    On information and belief, despite knowing of the '483 patent and that the Accused Products with the helical gear infringe that patent, Defendants have continued to make, use, sell, and/or offer for sale within the United States, and/or import into the United States, the Accused Products with the helical gear. In addition, despite knowing of the '483 patent and its

infringement by the Accused Products with the helical gear, Defendants have continued to encourage, instruct, assist, and support others, including resellers and end users of the Accused Products, in using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products with the helical gear.

101.    By continuing to make, use, sell, and/or offer for sale within the United States, and/or import into the United States, the Accused Products with the helical gear despite knowing that such Accused Products infringe the '483 patent, Defendants' infringement has been and continues to be willful, wanton, and deliberate.

102.    Defendants' acts complained of herein are damaging and will continue to cause irreparable injury and damage to Canon for which there is no adequate remedy at law.  Canon is therefore entitled to preliminary and permanent injunctions restraining and enjoining Defendants from infringing the '483 patent.

103.    By reason of Defendants' infringing activities, Canon has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

### Prayer for Relief

WHEREFORE, Canon prays for judgment and relief as follows:

A.    That Defendants be found to have infringed the '483 patent;

B.    That Defendants and their subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and entities in active concert or participation with them, be preliminarily and permanently enjoined from further acts of infringement of the '483 patent pursuant to 35 U.S.C. § 283;

C.      That Defendants be ordered to pay damages adequate to compensate Canon for their infringement of the '483 patent, as well as enhanced damages for Defendants' willful, wanton, and deliberate infringement, together with interest, pursuant to 35 U.S.C. § 284;

D.      That this case be declared exceptional and Canon be awarded its attorneys' fees pursuant to 35 U.S.C. § 285;

E.      That Defendants be ordered to pay Canon's costs incurred in connection with this action; and

F.      That Canon be granted such other and additional relief as the Court deems equitable, just, and proper.

## **Jury Demand**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Canon demands a jury trial on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com

OF COUNSEL:

Michael P. Sandonato
VENABLE LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
(310) 229-9900

*Attorneys for Plaintiff Canon Inc.*

Edmund J. Haughey
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC  20001
(202) 344-4000

Dennis J. McMahon
Nicholas Marcello
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY  10020
(212) 307-5500

January 31, 2023