IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANON INC.,                              )<br>                                          )<br>            Plaintiff,                   )<br>                                          )<br>      v.                                 )<br>                                          )<br>PRINT-RITE IMAGING TECHNOLOGY INC.        )<br>and UNION TECHNOLOGY                      )<br>INTERNATIONAL (MCO) CO. LTD.,             )<br>                                          )<br>            Defendants.                  ) | C.A. No. 23-116 (MN) |

**STIPULATION, CONSENT JUDGMENT, AND PERMANENT INJUNCTION**

WHEREAS, Plaintiff brought this suit against Defendants for infringement of Plaintiff's U.S. Patent No. 11,169,483 ("Asserted Patent") based on Defendants' unauthorized importation, sale, and/or offer for sale of certain toner cartridges having the design depicted in Plaintiff's complaint ("Accused Products");

WHEREAS, without admitting any wrongdoing, Defendants wish to conclude this litigation at Plaintiff's initial pleading stage without contesting infringement, validity, or enforceability of any claims of the Asserted Patent; and

WHEREAS, Plaintiff and Defendants, through their respective counsel, hereby agree to entry of this Stipulation, Consent Judgment, and Permanent Injunction ("Consent Judgment"), subject to the approval of the Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED, ORDERED, AND ADJUDGED:

1. This is an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

2. This Court has jurisdiction over Defendants and the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a). Venue is proper in this Court pursuant to 28 U.S.C § 1400(b) as to Defendant Print-Rite Imaging Technology Inc. and pursuant to 28 U.S.C. §§ 1391(b) and (c) as to Defendant Union Technology International (MCO) Co. Ltd.

3. Plaintiff is the owner of all right, title, and interest in and to the Asserted Patent.

4. Defendants have imported, sold, and/or offered for sale in the United States the Accused Products.

5. Defendants do not contest that all of asserted claims 1-3, 5, 6, 8-10, 12-15, 17-19, 21-24, 33-35, 37, and 38 of the Asserted Patent are valid, enforceable, and infringed by the Accused Products.

6. Judgment is entered for Plaintiff and against Defendants on the claims asserted in Plaintiff's complaint.

7. Effective as of the date this Consent Judgment is entered by the Court, Defendants and their subsidiaries, affiliates, officers, directors, agents, servants, employees, successors, and assigns, and all other persons and organizations in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from engaging in any of the following activities:

(a) making, using, selling, or offering for sale in the United States, or importing into the United States, during the remaining term of the Asserted Patent any of the Accused Products and any other toner cartridge that is not more than colorably different from the Accused Products and falls within the scope of at least one claim of the Asserted Patent;

(b) otherwise directly infringing, contributorily infringing, or inducing infringement of any of the claims of the Asserted Patent with respect to any of the Accused Products and any other toner cartridge that is not more than colorably different from the Accused Products and falls within the scope of at least one claim of the Asserted Patent; and

(c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) and (b) above.

8. Defendants and Plaintiff shall bear their own costs and attorney fees.

9. This Consent Judgment constitutes a final judgment concerning the subject matter of this action.

10. Defendants waive any right to appeal from this Consent Judgment.

11. Upon entry of this Consent Judgment, this action is dismissed with prejudice, provided, however, that this Court shall retain jurisdiction to enforce the terms and provisions of this Consent Judgment.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | BARNES & THORNBURG LLP |
|---|---|
| /s/ Rodger D. Smith II | /s/ Chad S.C. Stover |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>   *Attorneys for Plaintiff Canon Inc.* | Chad S.C. Stover (#4919)<br>222 Delaware Avenue, Suite 1200<br>Wilmington, DE 19801<br>(302) 300-3474<br>chad.stover@btlaw.com<br>   *Attorneys for Defendants Print-Rite Imaging Technology Inc. and Union Technology International (MCO) Co. Ltd.* |

August 9, 2023

SO ORDERED this _____ day of August 2023.

_____
United States District Judge